UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JOSH EVANS, <br> No. 502808, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | No. 1:17-cv-00057 <br> **CHIEF JUDGE CRENSHAW** |
| v. | ) <br> ) | |
| MAURY COUNTY, TN, | ) <br> ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Josh Evans, an inmate of the Maury County Jail in Columbia, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Maury County, Tennessee, alleging a violation of his civil and constitutional rights. (Doc. No. 1). The Plaintiff seeks damages and injunctive relief. (Id. at 6).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983.   Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the

2

Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III. Alleged Facts

The complaint alleges that, while incarcerated at the Maury County Jail, the Plaintiff converted to Judaism and thereafter asked to be served kosher meals. According to the complaint, the jail staff fails to recognize the Plaintiff's religious conversion and refuses to provide the Plaintiff with kosher meals and, as a result, the Plaintiff is "being forced to eat foods that is [sic] against [his] religion." (Doc. No. 1 at 5-6).

### IV. Analysis

A review of the Court's records shows that, on February 24, 2017, the Plaintiff brought a federal civil rights action against the Maury County Jail and Sheriff Bucky Rawland alleging essentially the same facts as those raised in the instant complaint. See Joshua Evans v. Maury County Jail, et al., No. 1:17-cv-00019 (M.D. Tenn. 2017)(Crenshaw, J.). On March 2, 2017, the Court dismissed that action for failure to state claims upon which relief can be granted as to both Defendants. (Id., Doc. Nos. 4 and 5). In dismissing the Plaintiff's claims against Sheriff Rawland is his official capacity, the Court found that the Plaintiff had failed to allege that his rights were violated pursuant to a policy or regulation of Maury County that requires the jailers at the Maury County Jail to deny the Plaintiff kosher meal service. (Id., Doc. No. 4 at 2).

The broad doctrine of *res judicata* encompasses both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). J.Z.G. Res., Inc. v. Shelby Ins. Co., 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated, as well as

every theory of recovery that could have been presented. Id. Under issue preclusion, once an issue actually is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation. Montana v. United States, 440 U.S. 147, 152-54 (1979). Dismissal with prejudice is considered a final judgment on the merits for purposes of *res judicata*. See Haddad v. Mich. Nat'l Corp., 34 Fed. Appx. 217, 218 (6th Cir. 2002)(citing Matter of W. Tex. Mktg. Corp., 12 F.3d 487, 501 (5th Cir. 1994)).

After reviewing the Plaintiff's instant complaint, it appears that the Plaintiff has restated the same or similar allegations pertaining to the Maury County Jail's alleged refusal to provide him with kosher meals. The complaint names only Maury County as a Defendant and fails to allege that the Plaintiff's rights are being violated pursuant to a custom, practice, or policy of Maury County. As the Court explained in the Plaintiff's previous case, a claim against Sheriff Rawland in his official capacity is a claim against Maury County, the municipal entity that employs Sheriff Rawland, and such a claim requires that the Plaintiff allege that the alleged misconduct occurred pursuant to a custom, policy, or practice of Maury County. See Evans v. Maury County Jail, No. 1:17-cv-00019 (Doc. No. 4 at 2). The Court already has rendered a final decision on the merits regarding the Plaintiff's claims against the Maury County Jail and Sheriff Bucky Rawland in his official capacity. (Id.) The Plaintiff has not alleged any facts differentiating his current complaint. As a result, the Plaintiff's instant claims are barred by the doctrine of *res judicata*.

**V.     Conclusion**

For these reasons, the Court finds that the Plaintiff's complaint fails the PLRA initial screening. 28 U.S.C. § 1915A. The Plaintiff's claims are barred by the doctrine of *res judicata.*

4

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the Plaintiff's complaint will be dismissed with prejudice.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE